## IN THE UNITED STATES COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) DEMON JAY REED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **(1) BOARD OF COUNTY** | ) | |
| **COMMISSIONERS FOR** | ) | |
| **GRADY COUNTY, an Oklahoma** | ) | **Case No. CIV-18-1257-D** |
| **municipality;** | ) | |
| **(2) GRADY COUNTY SHERIFFS** | ) | |
| **OFFICE, a municipal law enforcement** | ) | |
| **agency;** | ) | |
| **(3) JIM WEIR, in his individual and** | ) | |
| **official capacities;** | ) | |
| **(4) PHILLIP McCARTHEY, individually** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, Demon Jay Reed ("Reed") for his cause-of-action against

Defendants Grady County Board of County Commissioners ("Grady County BOCC"), Grady

County Sheriff's Office, Sheriff Jim Weir ("Weir"), and Sheriff's Deputy Phillip McCarthey

("McCarthey"), states as follows:

## INTRODUCTION

Reed brings this civil rights action for damages against Defendants under the Fourth

Amendment of the United States Constitution, and 42 U.S.C. § 1983, and a negligence claim

under State law.

Reed's claims for damages arise from the improper and unlawful seizure of his person,

excessive force and resultant severe injuries inflicted upon Reed by the reckless and grossly

inappropriate discharge of a firearm by Defendant McCarthey.  Plaintiff further alleges liability on the part of Grady County BOCC, Grady County Sheriff's Office and Sheriff Jim Weir based upon their failure to train and supervise subordinate sheriff's deputies, such as Phillip McCarthey, and in their failure to enforce and/or implement policies, policies, procedures and customs regarding law enforcement officer use-of-force, which otherwise would have protected Reed's right to an arrest free from the use of excessive force and prevented damages to Reed.

## **THE PARTIES**

1. Plaintiff Reed was a citizen and resident of Grady County, Oklahoma at the time of the incident hereinafter described.

2. Defendant Grady County BOCC is the entity charged with administration of county governmental services in Grady County.  Defendant Grady County BOCC may sue or be sued by name and has the authority to delegate to the Grady County Sheriff final authority to establish Defendant BOCC's policy with regards to training and the use of force by sheriff's deputies.

3. Defendant Grady County Sheriff's Office is the entity charged by Defendant Grady County BOCC with providing law enforcement services in Grady County.  Defendant Grady County Sheriff's Office may sue or be sued by name.

4. Defendant Weir was, at all times relevant hereto, Grady County Sheriff, employed by and working for Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office. Defendant Weir engaged in conduct complained of under color of law and within the scope of his employment as agent and representative of Defendant Grady County BOCC

and/or Defendant Grady County Sheriff's Office.  Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office delegates final decision-making authority to Defendant Weir to establish municipal policy with regards to law enforcement officer use-of-force.  The policies, practices and customs, promulgated, created, implemented and/or utilized by Defendant Weir represent the official policies and/or customs of Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office with regards to law enforcement office use-of-force.

5.   Defendant McCarthey was, at all times relevant hereto, a sworn Grady County sheriff's deputy, employed by and working for Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office.  Defendant McCarthey engaged in the conduct complained of under color of law and within the scope of his employment as agent and representative of Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office.

## JURISDICTION AND VENUE

Plaintiffs incorporate all previous allegations and statements and further allege as follows:

6.   This action arises from an incident that occurred in Grady County, Oklahoma.

7.   At all material times mentioned herein, the individual law enforcement officers involved in this incident were acting under color of state law and within the scope of their employment and/or authority as employees, agents and/or servants for Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office.

8.  In the alternative, Defendant McCarthey was acting outside the scope of his employment, such that the Oklahoma Governmental Tort Claims Act, 51 O.S. § 153(C) does not exempt Defendant McCarthey from personal liability for his tortious conduct.

9.  Plaintiff has complied with all requirements under the Oklahoma Governmental Tort Claim Act, 51 O.S. § 151 et. seq.

10. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over the parties hereto, jurisdiction over the subject-matter hereof, and venue is proper.

## FACTUAL BACKGROUND

Plaintiffs further incorporate all previous allegations and statements and further allege as follows:

11. This action arises from an incident that occurred on the night of March 14th, 2018, at or near 1423 South 7th Street, Chickasha, Oklahoma, 73018.

12. On the evening of March 14th, 2018, Grady County Sheriff's Deputy Chris Kennell and Defendant McCarthey were dispatched to Reed's home at 1423 South 7th Street, Chickasha, Oklahoma, 73018 with the purpose of executing a warrant for his arrest.

13. At or around 11:15 p.m. one deputy went into Reed's backyard and began using a flashlight to look into a car parked there.

14. Reed was driving home when he pulled into his backyard and saw a sheriff's deputy looking into the windows of a vehicle at the back of the house.

15. Upon seeing the sheriff's deputy, Reed drove his truck in reverse out of the driveway and began driving south down the alleyway behind his home towards West Tennessee Avenue.

4

16. At no time did Reed drive his vehicle, intentionally or unintentionally, toward either or both sheriff's deputies.

17. At no time did Reed drive his vehicle recklessly or in a manner which would endanger pedestrians, neighbors, passersby or the public-at-large.

18. At no time did Reed pose an immediate threat of serious physical harm to the either or both sheriff's deputies.

19. At no time did Reed pose an immediate threat of serious physical harm to pedestrians, neighbors, passersby or the public-at-large.

20. At 11:16 p.m., Defendant McCarthey withdrew his firearm and fired seven (7) bullets into Reed's truck without justification or cause.

21. Defendant McCarthey gave no warning to Reed that deadly force was about to be used on Reed prior to using deadly force against Reed.

22. The bullets fired by McCarthey entered the vehicle at the passenger-side and the rear of the vehicle.

23. No bullets struck the front of the vehicle.

24. As a result of Defendant McCarthey's deliberate, indifferent, callous, outrageous, unreasonable, and negligent actions, Reed's body was struck by three (3) bullets which severely wounded his right arm and spine.

25. As a result of his wounds, Reed lost control of his vehicle while driving on West Tennessee Road toward South 6th Street.

26. Reed's vehicle crashed into the north-side exterior of a home at the intersection of West Tennessee Road and South 6th Street.

27. The two sheriff's deputies found Reed bleeding and severely wounded in the driver seat of the vehicle.

28. Emergency medical services transported Reed by ambulance to a helipad in Grady Memorial Hospital and then by helicopter to OU Medical Center in Oklahoma City.

29. No weapons were found on Reed's person or in his vehicle.

30. No force or much less force could have been used to gain control of the situation, rather than the unnecessary use of a deadly force to serve a misdemeanor warrant and a warrant on a motion to revoke for failure to follow probationary rules.

31. Upon information received, Reed has reason to believe that Grady County Sheriff's unconstitutional policies and practices, and inadequate training and supervision on use of force has resulted in the widespread use of excessive force on citizens.

32. Defendant McCarthey inflicted unreasonable, unnecessary, excessive and negligent force upon Reed and failed to exercise the care of a reasonably prudent and qualified officer while engaged in an activity undertaken for the safety of the public.

33. The actions of Defendant McCarthey establish that he was not properly trained regarding the use of force or, in the alternative, that he failed to follow such training and that the other named Defendants failed to properly enforce such policies.

34. The actions of Defendant McCarthey establish that he was not properly trained regarding the use of deadly force or, in the alternative, that he failed to follow such training and that the other named Defendants failed to properly enforce such polices.

35. The above-described wrongful acts are proof of a policy in which Defendants deny citizens the rights, privileges, and immunity guaranteed to them by the United States Constitution, the laws of the United States, and the laws of Oklahoma.

36. This policy has no justification or excuse under the law but instead is improper, illegal, deliberately indifferent, and negligent and is unrelated to any activity in which law enforcement officers properly and legally carry out their sworn duty to enforce laws, protect persons and property, and ensure civil order.

37. Defendant Jim Weir, as Sheriff in Grady County was aware or reasonably should have been aware of this policy and did not act to correct it, constituting negligent supervision and training.

38. Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office, and Defendant Weir were negligent in the selection, appointment, training, supervision, and retention of their agents and employees, in that these Defendants knew or should have known their agents and employees were carrying out these policies.  Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office directly or indirectly allowed an attitude that encouraged law enforcement officers to wrongfully detain and seize citizens and to use tactics and procedures violating citizens' right to life, liberty, and property in a manner

that is reckless, irresponsible, dangerous, and negligent to the community at large and to Reed and, in fact, had a policy of using unwarranted excessive force against citizens.

39. Despite Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office knowing (or reasonably should have known) that this policy was being carried out, Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office failed to remove the individual Defendants from their positions, to take any disciplinary action, or provide redress for citizens, such as Reed, who have been injured by such officers, and most importantly, put an end to the use of unwarranted excessive force against the community.

40. No reasonably competent law enforcement officer, with knowledge of the totality of the circumstances as Defendant McCarthey reasonably understood them to be, could have reasonably believed Reed had committed any offense, which required or authorized the use of such excessive deadly force.

41. No reasonably competent law enforcement officer, with knowledge of the totality of the circumstances as Defendant McCarthey reasonably understood them to be, could have reasonably believed that the amount of force utilized was necessary or warranted in the situation.

42. No reasonably competent law enforcement officer, with knowledge of the totality of the circumstances as Defendant McCarthey reasonably understood them to be, could have reasonably believed Reed needed to be shot.

43. The actions of Defendants were negligent, intentional, reckless, willful, and deliberate and showed gross and reckless disregard for Reed's rights.

44. Defendants' acts and omissions were a direct and proximate cause of the harm to Reed and his injuries.

45. The actions of Defendant McCarthey and Defendant Weir were done willfully, maliciously, unlawfully, and with callous and reckless indifference in total disregard of Reed's safety and continued health.  Therefore, Reed is entitled to compensatory and punitive damages along with his attorney's fees.

46. Reed has incurred necessary and reasonable medical and hospital expenses.

## COUNT I
## USE OF EXCESSIVE FORCE
## IN VIOLATION OF 42 U.S.C. § 1983

Plaintiffs incorporate all previous allegations and statements and further allege as follows:

47. Under the Fourth Amendment of the United States, every person in the United States of America has the right to be secure against unreasonable seizures of their person, and 42 U.S.C. § 1983 prevents individuals from acting in a government capacity or under color of law from unlawful deprivation of those rights.

48. Defendant McCarthey's conduct on March 14th, 2018, specifically, firing seven (7) bullets into a vehicle, and thereby severely injuring Reed, in an attempt to affect an arrest, where the individual was not dangerous and posed no threat of physical harm to Defendant McCarthey, his partner or others, constitutes excessive force and is a deprivation of Reed's rights secured under the U.S. Constitution.

49. A reasonable law enforcement officer would know that the use of excessive force under these circumstances is a violation of constitutionally guaranteed rights and that a citizen's rights not to be subjected to such excessive force was clearly secured and established at the time Defendant McCarthey shot Reed.  See *Graham v. Connor,* 490 U.S. 386, 397 (1989); *Tennessee v. Garner,* 471 U.S. 1, 11–12 (1985)

50. At the time of the actions and/or omissions of Defendant McCarthey, 22 O.S. § 34.1 defined "excessive force" as "force which exceeds the degree of physical force permitted by law or the policies and guidelines of the law enforcement entity."

51. It is not reasonable to use deadly force to apprehend an individual that does not pose an immediate threat to an officer or others, even when the officer may otherwise fail to apprehend the individual.  See *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985) ("Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so.")

52. Defendant McCarthey had a duty to refrain from violating Reed's constitutional rights.

53. Any reasonable law enforcement officer would have been aware that the conduct of Defendant McCarthey, as described herein, would violate Reed's constitutional rights.

54. The force that Defendant McCarthey used was excessive and unnecessary under the totality of the circumstances.

55. The excessive force used by Defendant McCarthey upon Reed was not justified or privileged under clearly established law.

56. No legitimate law enforcement objective was accomplished by the degree of such force utilized by Defendant McCarthey.

57. Defendant McCarthey's use of his firearm was objectively unreasonable, as well as intentional, willful, wanton, and in gross and reckless and negligent disregard of Reed's rights under the Fourth Amendment of the United States Constitution.

58. The use of force by Defendant McCarthey against Reed posed a substantial risk of causing death or serious bodily harm that was known to Defendant McCarthey at the time and did in fact cause great bodily harm.

59. The above-described conduct of Defendant McCarthey was a direct and proximate cause of the deprivation of Reed's clearly established Fourth Amendment rights, as well as the resulting injuries, and damages described below.

60. Defendant McCarthey, under color of law, unjustifiably used excessive force, and thus violated Reed's constitutional rights and is therefore, "liable...in an action at law, suit in equity, or other proper proceeding for redress...," as per 42. U.S.C. § 1983.

## COUNT II
## DELIBERATELY INDIFFIRENT POLICIES, PRACTICES AND CUSTOMS, AND DELIBERATELY INDIFFERENT TRAINING AND SUPERVISION IN VIOLATION OF 42 U.S.C. § 1983

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

61. Defendant Grady County BOCC, Defendant Grady County Sheriff's Office and Defendant Weir were aware that pursuant to 22 O.S. § 34.1 "[e]ach law enforcement entity which employs any peace officer shall adopt policies and guidelines concerning the use of force by

peace officers which shall be complied with by peace officers in carrying out the duties of such officers within the jurisdiction of the law enforcement entity."

62. The above-described conduct reflects an established policy, practice, custom, or decision, officially adopted or informally accepted, ratified or condoned by Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office, and its officials and employees, that consists of arming police officers with dangerous weapons, such as firearms, without proper training and supervision as to their safe, reasonable and appropriate use.

63. It is clearly established law that Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office must train and supervise sheriff's deputies and other law enforcement personnel about proper procedures for arrests and the reasonable use of force, including, but not limited to, excessive force, to reduce the pervasive and unreasonable risk of grave constitutional injury.

64. Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office has an affirmative duty to take action to properly train and supervise its employees or agents and prevent their unlawful actions.

65. Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office failed to properly train and supervise its employees or agents in a manner and to an extent that amounts to deliberate indifference.  Defendant McCarthey engaged in the above-described conduct pursuant to this policy, practice, custom, or decision.

66. Defendant Weir was the official policymaker and final decision-maker for Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office in the area of law enforcement.

67. Under information and belief, Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office, and Defendant Weir had a policy, custom, and procedure of not ensuring that officers like Defendant McCarthey were appropriately and adequately trained as to when and under what circumstances to effectuate an arrest and under what circumstances to use force.

68. Upon information and belief, Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office, acting through its subordinate law enforcement officers, had a persistent, widespread practice of depriving citizens of their constitutional rights, that it was sufficiently common and well established as to constitute municipal policy or custom.

69. Upon information and belief, these customs or policies of unconstitutional conduct, as shown by the acts and omissions of other subordinate law enforcement officers, permitted or condoned actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of such conduct.

70. Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office, and Defendant Weir understood that police officers, such as Defendant McCarthey:

    a. could and would exceed constitutional limitations on the use of force;

    b. that the use of force may arise under circumstances that constitute a usual and recurring situation with which officers such as Defendant Howard must manage;

13

c. that providing inadequate training or failing to enforce existing policies under such circumstances demonstrates deliberate indifference on the part of the Defendants toward persons with whom Defendant McCarthey would come into contact;

d. and that failing to provide such training or to enforce policies and procedures to ensure that Defendant McCarthey followed such training would be a direct causal link between the constitutional deprivation to which citizens, such as Reed, would be exposed—in other words, when Defendants placed a firearm in the hands of Defendant McCarthey and sent him out in the public domain, it was obvious that failing to adequately train him or enforce policies and procedures would equate deliberate indifference to the rights of the public with whom he came into contact.

71. The above-described policies and customs of Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office permitted or condoned the violation of Reed's rights, demonstrated deliberate indifference to the constitutional rights of the persons within the City and were the cause of the injuries and damages suffered by Reed.

72. Defendants also knew that absent the adoption of specific and/or adequate policies, procedures, and tactics governing law enforcement use of deadly force, and absent training of law enforcement officers in such policies, procedures, and tactics, it was highly predictable that such failure to train would lead to law enforcement officers' violation of the Fourth Amendment rights of citizens, and could likely result in the otherwise avoidable injury of such citizens.

73. Inadequate training and supervision of Defendant McCarthey about the proper procedures to be used in making an arrest, the use of force, including, but not limited to, excessive force, was so likely to result in grave constitutional injury to citizens that the failure to provide adequate training and supervision to Defendant McCarthey in these areas constituted a deliberate indifference to and acquiescence in such injury to Reed.

74. Defendant McCarthey received no form of discipline or reprimand from Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office, or Defendant Weir for his above-described use of excessive force against Reed.

75. Defendants ratified the conduct of Defendant McCarthey in concluding that the conduct was consistent with the policies, procedures, and training of the Defendant Grady County BOCC and/or Defendant Grady County Sheriff's Office, or Defendant Weir.

76. Defendant McCarthey's actions and/or inactions stem from the execution of a government policy, custom, or official decision of indifference as to the protection of citizens' constitutional rights and his actions can fairly be said to represent such a policy and custom.

77. Defendant Weir's failure to ensure and accomplish or enforce such proper training caused Defendant McCarthey to effectuate an inappropriate/unlawful arrest and to use excessive force in violation of the U.S. Constitution, proximately and directly causing serious injury to Reed.

## <u>COUNT III</u>
## <u>NEGLIGENCE</u>

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

15

78. Defendant McCarthey had a duty to act reasonably when encountering citizens, in an effort to prevent harm to Reed and others.

79. On March 14, 2018, Defendant McCarthey acted unreasonably and negligently when he encountered Reed.

80. As a result of Defendant McCarthey's choices and actions on March 14, 2018, Reed suffered serious injuries.

81. Defendant McCarthey was acting within the scope of his employment at all relevant times, such that Defendant Grady County is liable for the damages caused to Reed under the Oklahoma Governmental Tort Claims Act.

82. In the alternative, Defendant McCarthey was acting outside the scope of his employment at all relevant times, such that Defendant McCarthey is personally liable for the damages caused to Reed.

## <u>CAUSATION OF PLAINTIFFS' INJURIES AND DAMAGES</u>

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

83. The injuries and damages sustained by Reed, were produced in a natural and continuous sequence from Defendants' violation of one or more of the above described independent constitutional duties.

84. The injuries and damages sustained by Reed were a probable consequence from Defendants' violation of one or more of the above described independent duties.

85. Defendants should have foreseen and anticipated that a violation of one or more of the above-described independent duties would constitute an appreciable risk of harm to others, including Reed.

86. If Defendants had not violated one or more of the above-described independent duties, then Reed's injuries and damages would not have occurred.

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFF

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

87. The injuries and damages sustained by Reed as a result of Defendants' violations include but are not limited to the following:

    a.  Reed's physical pain and suffering, past and future;

    b.  Reed's mental pain and suffering, past and future;

    c.  Reed's age;

    d.  Reed's physical condition immediately before and after the accident;

    e.  The nature and extent of Reed's injuries;

    f.  Whether the injuries are permanent;

    g.  The physical impairment;

    h.  The disfigurement;

    i.  Loss of [earnings/time];

    j.  Impairment of earning capacity;

k. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

## AMOUNT OF DAMAGES

88. The Plaintiff's injuries and damages are in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332 (currently $75,000.00), plus attorney fees, interest, costs and all such other and further relief for which should be awarded as judgment against Defendants in an amount to fully and fairly compensate Plaintiff for each and every element of damages that has been suffered.

## PUNITIVE DAMAGES

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

89. Plaintiff is entitled to punitive damages on their claims brought against individual Defendants pursuant to 42 U.S.C. § 1983 as Defendants' conduct, acts, and omissions alleged herein constitute reckless or callous indifference to Reed's federally protected rights.

## DEMAND FOR JURY TRIAL

90. The Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

91. The Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff, Demon Jay Reed prays for judgment against Defendant Grady County BOCC, Defendant Grady County Sheriff's Office, Defendant Weir, and Defendant

18

McCarthey in a sum excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332 (currently $75,000.00) plus interest, costs, and all such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

LAIRD, HAMMONS, LAIRD, PLLC

_s/ Chris Hammons_
Chris Hammons, OBA # 20233
Jason M. Hicks, OBA# 22176
1332 S.W. 89th Street
Oklahoma City, OK 73159
Telephone:   (405) 703-4567
Facsimile:   (405) 703-4061
E-mail: chris@lhllaw.com
          jason@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**